I am the attorney for petitioner Jimmy Lee Custer. I would respectfully ask to reserve one minute of my time for rebuttal. You may. Your Honor, this case presents before this court an issue which has been discussed in many cases of the United States Supreme Court for many years. And that issue is whether the government, the state in this instance, may, consonant with the Constitution, try and retry an individual for the same offense, and that term is used divisively, in order to perfect its case and to obtain at last a conviction through serial effort. There is much agreement between the state and the petitioner in this case regarding the applicable law. We agree, I believe, that at least since 1978, in the case of Burks, United States against Burks, it has been clear that when a criminal trial terminates because of insufficient evidence, usually so found on appeal, but when a trial terminates based on insufficiency, double jeopardy effect arises as a result of that prosecution. Counsel, the thing that bothers me about your argument is that oftentimes when there is sexual abuse, there are many discrete acts of abuse. And your argument appears to be that if there is an acquittal on one or more of those discrete acts of abuse, then double jeopardy bars prosecution on any of the separate acts of abuse that were not included in the first trial. Your Honor's concern focuses on what, to my view, is the linchpin of this case. The issue is what scope of jeopardy protection arose as a result of the first terminated trial. Now, it is the state's position, and I think the position that Your Honor's question articulates, is no, we stated in the first indictment, on or about June 20, 1987. And therefore, when the terminated trial occurred, that was the only date as to which jeopardy attached. Did the accusatory pleading indicate that that was the crime that was going to be prosecuted? It did, Your Honor, for that date. For that date. For that date. Yes. Under Oregon law, as we point out in the brief, the prosecution was not limited in their proof at trial to that single date. They could have proved other days, including June 19. They could have proved that the crime didn't occur on the 20th, but it occurred on some other date. Correct. 19, 18, 17, and so forth. Now, in this case, and I want you to help me, because this is a very interesting case. In this case, didn't the prosecution elect the 20th, because that was the date they felt they had corroboration for the young man's testimony, his mother coming into the room and seeing certain things? We believe they did not make an election, Your Honor. There was no election in the record. Now, the indictment says that. It wasn't that the evidence that was presented, the mother was brought in and indicated that on a specific date that she saw certain things. There was evidence to that effect, but there was also evidence of instances which occurred on other earlier dates. For example, and I believe it's at excerpt page 99, testimony of a social worker, Mr. Eldon Greaves, was presented. And the social worker testified that he had asked the complainant about June 20th specifically, but he couldn't recall his answer as to that particular date, because he had been concerned that the abuse was ongoing. And therefore, there was clear indication in the record that there were other dates, other acts, which may have come into evidence had the trial proceeded as the government. Come into evidence for what purpose? Because under the state cases that I cited in the brief, particularly the Howard case and the Long case, which is an Oregon Supreme Court en banc case, had the government in the first trial, had the witness gone south on them with respect to June 20th, but had the witness been allowed to continue his testimony and testified that there were other earlier dates in which this abuse had occurred, the state could have, at the close of their evidence, consistent with Oregon law, elected proof of those other earlier dates. Wouldn't that have been a material variance from the accusation in the indictment or accusatory pleading? That would be the outward limit of the state's proof in that regard, but the Oregon cases we've cited show it is not a material variance. Under Oregon law, can you charge someone for committing a crime on June 20th, fail to be able to produce the evidence on that date because your witness doesn't testify to that, but then convict him for a crime that occurred on a different date? Yes, Your Honor, so long as the jury is instructed, they must all agree on one particular act. In fact, the Howard case. What happens to due process under those circumstances? Due process is the outward limit, and the cases are clear that if the defendant can demonstrate prejudice from this variance, then a different result may obtain. Now, you're talking to me about Oregon law, and we're here on 2254. Correct. And you have to show us that there is a US Supreme Court case in point, and that it was objectively unreasonable not to follow that case by the state court. Is that true? Or that it is contrary to fact. I do, and first of all, I say that. So what is the US Supreme Court case that applies to these facts? It is the, there are two. There is the case of the United States against Burks, which deals with a terminated trial, and we believe the case of Ash versus Swenson, which deals with the collateral effect. I want you to separate them to help me. Talk to me about what happened with Burks. Wasn't it an attempt to retry for exactly the same crime on the same date? Yes. And that's not this case. That is not this case, but we rely on Burks for the proposition. And I think it does fairly read. It does hold that where there is a termination of a prosecution because of insufficient evidence, there is double jeopardy effect. Now, the scope of that double jeopardy effect is governed, we believe, by Ash. But there is double jeopardy consequence as a result of insufficient evidence. So under Burks, and let's go to the concern that Judge Rollins is raising your question, under Burks you're saying that if somebody is prosecuted for, let's say, a rape on January 15th, and there is a conviction that's appealed, and the appellate court said the evidence was insufficient, they could not prosecute him for a rape on December 10th against the same individual? That is not my position, and here's why. In the ordinary case, had this first trial been allowed to proceed to its normal conclusion, at some point in time, the state would have had to, under Oregon law, make an election as to an act, typically a date. Had they done so, then the double jeopardy effect of that acquittal would be clear. But didn't the state make an election here by choosing the crime that occurred when the mother came into the bedroom on that date? We believe not, Your Honor, at least not irrevocably under Oregon law. They might have, put it another way. If the state had adduced in the first trial the evidence they ultimately succeeded in obtaining in the second trial, the first trial could have resulted in conviction. And for that reason, there was jeopardy in trial one, which overlapped with the jeopardy in trial two, and we believe the prosecution is barred. Counsel, the other difficulty I have with your argument is that the Oregon courts, of course, who are the final arbiters of Oregon law, did not buy your position. In fact, Your Honor, they expressly declined to reach it. If you look, I set out this question in my reply brief on page nine. The Oregon Court of Appeals resolved Mr. Custer's post-conviction claim on the basis of an Oregon statute dealing with former jeopardy. And that statute has two parts. The first part says no person shall be prosecuted twice for the same offense. But the second part deals with an Oregon concept of a criminal episode. And the court specifically said, as we understand Petitioner's argument, it is not that he was prosecuted twice for the same act. Rather, we believe his argument is predicated on subsection two. Changes were, charges were known at the time and arose out of the same criminal episode. So it's our position that while they might have done so, they did not reach it. And this court may. Thank you. All right, thank you, counsel. May it please the court. I think the simple answer to this case. See, the problem is, that's not a microphone. The simple answer to this case is when the state tried the petitioner the first time around, the prosecution was based expressly and solely on the incident that occurred on June 20th, 1987. That's the incident that was alleged in the indictment. At trial, the state presented in its opening statement and in its evidence at trial, evidence relating only to the incident on June 20th when the mother walked in the door and saw a petitioner apparently beginning to anally rape the victim. Now, petitioner says, well, the state perhaps could have presented, and if the case of the trial had proceeded, perhaps the state may have presented evidence of other anal rapes by petitioner. Well, you intended to. No, we didn't. At the time you indicted the defendant, the state knew of the other acts. That's true, we did. And when you made your opening statement to the judge, to the jury, you stated that you were going to introduce other evidence of other acts. I don't think that's correct. What did you say? I don't recall, I don't have that portion of the transcript marked. I think all the prosecutor said was, you will hear that when the victim heard the defendant coming, that he knew what was going to happen. And I think that's all the prosecutor said in opening statement. And counsel can correct me if I'm wrong. Now, to the extent that the state may have presented or had intended to present evidence of other assaults on the victim by the petitioner, that would have been solely, as far as this record shows, as background information, not as a separate charge. In this case, it was charged on this particular incident, the state's only evidence related to that specific incident. And when the victim took the stand, he was unable to say that petitioner had anally raped him on that date. And that's why the case, at that point, was the court granted effectively a judgment of acquittal. Now, petitioner's got some arguments about the procedural manner in which that was done, but in this case, what happened was that the trial court asked prosecutor, and why did the victim's testimony, do you want to proceed? And the prosecutor said, no. And so there was effectively a judgment of acquittal granted when the victim was unable to substantiate the state's allegation of an assault on June 20th. Counsel, this is what you told, you, the prosecutor, told the jury. Rhodes heard his stepfather coming into the room, and you will hear evidence, from the government, of course, that this was not the first time he had heard his stepfather coming, and that he had some anticipation of what was happening. That's right. Now, isn't that prior acts? No. What he, all the prosecutors were saying- And you're going to introduce evidence of prior acts. The state did not introduce evidence of any prior assaults. In this, in the first trial, there was no evidence. All the prosecutor was saying is that when the victim heard his father coming to the door, he knew what was going to happen. But the state, very specifically in that case, the first time around, elected the June 20th incident. And when they could not prove the June 20th incident, they did not present evidence of any other crime on any other date. And they allowed a judgment of acquittal to be granted. Now, at that time, the only thing that was actually tried, and the only thing for which the petitioner was acquitted, was the incident on June 20th, when the mother walked in the door. Counsel, what's your response to opposing counsel's analysis of Oregon law, which he says broadens the scope of the Jeopardy consequences? Well, the short answer to that one is this is a 2254 action. He litigated that all the way through the state court system. The Oregon Court of Appeals issued an opinion in which they specifically rejected his argument. Well, his counter to that was that the Court of Appeals did not even address that issue. When I inquired about whether or not his position had been rejected by the state court, his response was that that issue was not even considered. So what's your response to his response? He raised all the state law issues that he wanted to litigate before the Oregon Court of Appeals. I think his briefs before the Court of Appeals are in the record. The way the Court of Appeals elected to write an opinion, they elected to write an opinion on the statutory issue. And implicitly rejected any other argument that he made under state law. There's only two options. Either he did not raise that argument before the Oregon Court of Appeals, in which case this is procedurally defaulted. Or he did raise that issue before the Oregon Court of Appeals, and the Oregon Court of Appeals decided it against him. In either respect, that issue isn't before this court today on a 2254 action. This court doesn't have authority to reconsider issues of state law. That was resolved against him in the state courts. The only question here is his federal due process challenge. And so I frankly don't understand why he's spending time talking about He lost that issue, and that's not before this court. The question is, under the double jeopardy clause, under the double jeopardy clause, if a defendant commits the same crime against the same victim on two different days, and the state prosecutes him for one, and he's acquitted, does the double jeopardy clause preclude the state from prosecuting him a second time for the other one?  There is no case that I'm aware of, even in federal circuit courts in the field, that says you can't do that. Common law says you can't do it. I'm not sure that's correct. Under the Blockberger test, the United States Supreme Court said that there is no problem in separate prosecutions of separate crimes that the defendant commits, where there are different elements that the state has to prove. Under the Blockberger test, there is no problem with this prosecution. Ashe versus Swenson was an entirely different situation. That's where the defendant committed the same crime against two people in the same criminal episode. And the United States Supreme Court said that given the fact that the jury, in the first time around, acquitted the defendant, that necessarily, under collateral estoppel principles, it was a determination that he was not one of the people who was involved in the crime. So that barred the second prosecution. Now, here, the mere fact that the state could not prove that he assaulted, anally raped his son on June 20th, does not, by any stretch, under either double jeopardy or collateral estoppel principles, preclude the state from later on prosecuting him for anal rapes that he committed on different dates. What was the different date in the second trial? Was it one day later or one day earlier? Well, the indictment alleged, it's the first time, the first indictment alleged honor about June 20, 1982. The second indictment said on or between November 1, 1986 and June 19, 1987. So it alleged a period of time up to, but not including, the June 20th date. So what does the honor about language do to your argument in that regard? Well, honor about, the traditional use of that is that the state does not have to prove precisely the date on which this occurred. For example, this, the June 20th incident, if I recall correctly, occurred in the middle of the night. Was it before midnight or after midnight? If it was before midnight, maybe it was actually June 19th. If it was after, maybe, I'm not exactly sure. But the point is, if it's on or about, does one day make a difference? You could have alleged the same thing in the first trial, between on or about November through June 20th. That's true. That's true. So what does that do to your argument then? Well, in this case, though, the question is, what was actually tried and what was actually determined in the first prosecution? We alleged June 20th, on or about. The only evidence that we presented at that first trial was a specific incident that occurred on June 20th when the mother walked in. There was no evidence presented at that trial of any other instance. Okay, he was acquitted on that. And so the only determination in the first trial was that when, on this incident when the mother walked in the day, whether that was June 20th, June 19th, June 21st, the fact is, is that he was acquitted on that, because the state failed on its burden of proof. The second trial, we alleged a period of time up to, but not including, June 20th. And the only evidence that we presented at the second trial was of sexual assaults, rapes the defendant did of the victim prior to June 20th. There was no, as I set forth in my brief, the second trial, there was no reference at all to the incident that occurred on June 20th. The mother didn't testify to it. The son didn't testify to it. None of the other witnesses testified about the incident that happened on June 20th. We didn't present evidence of that because that one was, it was incredible. Counsel, did you state in your filings that the abuse took place over a six-year period or something for that? It was a six-month period of time. It was a six-month period of time, okay. And so the second prosecution was based on those that occurred up to June 20th. That's the court estimate. Any questions? Why did you wait three years before you brought the second one? The victim was emotionally fragile. If you've been anally raped by your father for, on a regular basis for six months, the victim who has also had mental, mental and emotional problems, when he got on the stand, he could not testify. He broke down. And so we waited several years until the victim was emotionally and intellectually strong enough to testify against his father. That's why. Thank you, counsel. Rebuttal, one minute. Your Honor, it was six years. Exhibit B to our memorandum says, is a police report which says that at the time of the first prosecution, there was evidence in the possession of the state that Mr. Custer had been sodomized by his stepfather for six years. Let me also address the, to me, the government's response in this case assumes the relevant question out of existence. I am a trial lawyer. I'm not primarily an appellate lawyer. And I know what happened in this case. They brought the case, expecting it to go normally. They put the witness on the stand, and he went south on them. And so they're scrambling. They want to find something they can get him with. And the only thing they have left, because they didn't appeal from the first improper termination of the trial, is the rest of the statute of limitations period. And I'd like to point out to the court the case of State of Oregon v. Long, which is found at 885 P. 2nd, 696, in which the Supreme Court of Oregon addresses what the government must state in their indictment in a sodomy case in this state. And as the Supreme Court of Oregon en banc said, as the state correctly argues here, the indictment would have been sufficient had it alleged only the elements of the offense, the age of the victim, and that the defendant committed the act within three years of the filing of the indictment, within the period provided by the applicable statute of limitations. All right, counsel, we understand your argument. Thank you very much. The case just argues stand submitted. The next case on calendar for argument is Wilton v. Zerniak. This is a busy day for you, Mr. Silvester.
judges: Alarcon, Ferguson, Rawlinson